**UNITED STATES of America,**

v.

**John David PROVOO, Defendant.**

United States District Court,
S. D. New York.

Nov. 5, 1954.

See also D.C., 124 F.Supp. 185.

11. Cf. United States v. Pisciotta, 2 Cir., 199 F.2d 603, 606; Carvell v. United States, 4 Cir., 173 F.2d 348.

J. Edward Lumbard, U. S. Atty., New York City, for United States, Harold J. Raby, Asst. U. S. Atty., New York City, of counsel.

George Plotkin, New York City, for defendant.

WEINFELD, District Judge.

The defendant resists removal to the District of Maryland to answer an indictment charging him with treason based upon acts committed in the Phillipine Islands and Japan, where at stated times he had been held prisoner of war following his capture by the Japanese.

Upon arraignment before the United States Commissioner, where he was represented by counsel, he acknowledged his identity as the person named in the certified copy of the indictment which accompanied the removal petition. The basis of his resistance to the issuance of the warrant of removal is that venue in the District of Maryland is defective and that he is subject to indictment and trial only in the District of Columbia.

This defendant was heretofore indicted in this district and, after an extensive trial, found guilty on the same charge. His conviction was reversed upon two grounds, and we are here concerned only with the second—a venue question. This issue centered about a fact question as to where the defendant had been "found" upon his return to the United States.[1] As a result of newly-discovered evidence obtained subsequent to his conviction, the Court of Appeals held that the defendant had been "found in Maryland within the meaning of the venue statute" by reason of his continued detention by Army authorities at Fort George C. Meade, Maryland, where he had originally been held a military prisoner on Army charges, abandoned for the sole purpose of bringing him to trial in this district.[2]

Following the reversal by the Court of Appeals the matter was presented to a Grand Jury in the District of Maryland which returned the instant indictment. It specifically alleges that he "was found at Fort George C. Meade in the District of Maryland." Although the defendant successfully urged upon the Court of Appeals that the venue should have been laid in the District of Maryland, he now contends he was "found" in the District of Columbia and requests a hearing on this issue.

The basic question is whether this District Court is required to hold a hearing on the validity of the indictment issued in another state more than one hundred miles distant from the place of arrest, in this case, specifically on the issue of proper venue. Removal proceedings are governed by Rule 40 of the Federal Rules of Criminal Procedure, which was intended to modify and revamp the procedures and practice which had developed as a result of a series of judicial decisions.[3] One of the principal objectives was the elimination of protracted hearings and dilatory tactics, which had marked many removal proceedings. To accomplish its intended purpose, the Rule first provided that for

---

1. 2 Cir., 215 F.2d 531, 539.

2. Title 18 U.S.C. § 3238 provides: *"Offenses not committed in any district.* The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district where the offender is found, or into which he is first brought. June 25, 1948, c. 645, 62 Stat. 826."

The Court of Appeals found that defendant had not been under restraint and hence not "brought" into the district where he was landed upon his return from Japan in 1946, and, accordingly, the issue was as to where he had been "found."

3. Rule 40, Notes of Advisory Committee, footnote 1 and cases there cited.

removal purposes districts in which a defendant is apprehended be divided into two groups: (1) those in which the place of arrest is either in another district of the same state, or if in another state, less than one hundred miles from the place where the prosecution is pending; [4] and (2) those where the arrest occurs in a state one hundred miles or more distant from that in which the prosecution is pending. We are here concerned with the latter situation.

██ Again, two distinct situations are contemplated: (1) those where the prosecution is based upon a complaint or information; and (2) where it is based upon an indictment. In both the basic issues are: (1) the identity of the accused as the person against whom the charge is pending in the district to which removal is sought; and (2) probable cause that he is guilty of the offense charged. However, with respect to the second group—where the prosecution is based upon indictment—the only issue open is that of identity of the person named therein. This follows from the clear mandate of Rule 40(b) (3) of the Federal Rules of Criminal Procedure, 18 U.S.C., which provides: "If the prosecution is by indictment, a warrant of removal shall issue upon production of a certified copy of the indictment and upon proof that the defendant is the person named in the indictment." Notwithstanding this explicit statement and the Reviser's Notes and the many authorities [5] which affirm that it was intended that the indictment shall be conclusive on the issue of probable cause, the defendant urges that the Rule simply states a rule of evidence that an indictment shall constitute prima facie proof of "probable cause." Hence he argues that he has an absolute right to go forward at a hearing to establish the lack of probable cause; and that the absence of an indictment requires the government initially to present proof of probable cause. However, if this construction is upheld, then no purpose has been served by Rule 40(b) (3) since that was precisely the state of the law prior to its enactment.[6]

█ The answer to the defendant's rhetorical question as to the reason for the requirements in the opening part of Rule 40(b) (3) of a hearing, introduction of evidence and a finding of sufficient ground before the warrant of removal may be issued, is simple: the government in all cases, whether the prosecution be based upon complaint, information or indictment, still is required to establish the identity of the defendant.

In this case, as already noted, the defendant has waived any hearing on that issue.

█ To conduct a hearing at this time in this district on the issue of probable cause, more specifically as to wheth-

4. In these instances, defendant is not entitled to a hearing. United States v. Bradford, D.C.S.D.N.Y., 122 F.Supp. 915.

5. United States v. Binion, D.C.Nev., 13 F.R.D. 238, appeal dismissed 9 Cir., 201 F.2d 498; Hemans v. Matthews, D.C. D.C., 6 F.R.D. 3; Singleton v. Botkin, D.C.D.C., 5 F.R.D. 173; United States v. Bessie, D.C.S.D.Cal., 75 F.Supp. 95; Federal Rules of Criminal Procedure, Rule 40, Notes of the Advisory Committee, n. 3, 6 New York University School of Law Institute Proceedings, The Federal Rules of Criminal Procedure, Part II (Proceedings of the Institute on Federal Rules of Criminal Procedure), pp. 65–66, 131–132; Holtzoff, Removal of Defendants in Federal Criminal Procedure, 4 F.R.D. 455; Holtzoff, Reform of Federal Criminal Procedure, 3 F.R.D. 445, 451.

United States v. Parker, D.C.D.C., 14 F.R.D. 146, is not to the contrary. It merely affirms that the court in a removal hearing acts in a judicial rather than in a ministerial capacity. United States v. Wright, D.C.T.H., 15 F.R.D. 184, is also inapposite. It merely pointed out that removal could not be had where the indictment upon its face shows a lack of basic jurisdiction.

6. Tinsley v. Treat, 205 U.S. 20, 27 S.Ct. 430, 51 L.Ed. 689; Greene v. Henkel, 183 U.S. 249, 22 S.Ct. 218, 46 L.Ed. 177.

er the defendant was first "found" in the District of Maryland, or elsewhere, would nullify a principal objective of Rule 40 and again would make removal proceedings in indictment cases subject to all the abuses that led to the adoption of the Rule.

The rights of the defendant are fully preserved and any objection to venue may be asserted in the Maryland District.[7]

Warrant of removal to issue.

---

7. Rule 12(b), Federal Rules of Criminal Procedure; United States v. Bessie, D.C. S.D.Cal., 75 F.Supp. 95, 98; Hemans v. Matthews, D.C.D.C., 6 F.R.D. 3, 4.