**Thomas J. ROBA, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 1283, Docket 79–2067.**

United States Court of Appeals, Second Circuit.

Argued July 16, 1979.

Decided Aug. 27, 1979.

216

Edward S. Rudofsky, New York City (Stanley A. Teitler, Zane & Teitler, New York City, on the brief), for petitioner-appellant.

Mark F. Pomerantz, Asst. U.S. Atty., New York City (Robert B. Fiske, Jr., U.S. Atty., New York City, David C. Patterson, Asst. U.S. Atty., New York City, on the brief), for respondent-appellee.

Before VAN GRAAFEILAND, NEWMAN and KEARSE, Circuit Judges.

NEWMAN, Circuit Judge:

This appeal from the denial of a petition for a writ of habeas corpus concerns the choice of forum for litigating the issue of whether execution of a removal warrant should be stayed because of the defendant's health.

Thomas Roba, the petitioner-defendant, was indicted on federal charges in the Central District of California on November 14,

1978. On December 21, 1978, he was arrested in the Southern District of New York on a bench warrant issued by the California Court. Roba's presentment before a United States Magistrate that day was interrupted when his medical condition required that he be taken to a hospital for emergency treatment. Soon thereafter, his physician diagnosed an acute form of heart failure, pulmonary edema, caused by a combination of the blockage of coronary arteries and exposure to stress. The doctor subsequently recommended that cardiac by-pass surgery be performed in the near future and warned that if any stress is placed upon Roba, there is a substantial likelihood that he will suffer another heart failure or heart attack, either of which could very likely be fatal.

After unsuccessful efforts to negotiate waiver of a removal hearing, the Government sought the issuance of a removal warrant pursuant to Fed.R.Crim.P. 40 at a resumed hearing. The Government presented a certified copy of the California indictment and relied, for proof of identity, on Roba's own motion papers. Roba sought to have the removal hearing continued because of his ill health. The Government countered with the suggestion that the removal warrant should be issued and that execution of the warrant should be stayed for sufficient time to permit the California Court to rule on Roba's fitness to stand trial. In the Government's view, resolution of that issue would moot the question of Roba's competency to withstand the journey to California. The Magistrate agreed with the Government's position and recommended it to Judge Kevin Thomas Duffy.

Judge Duffy agreed with the Magistrate and rejected defendant's request to have his physical competency to be removed determined in the Southern District of New York. Judge Duffy's endorsement of the Magistrate's recommendation stated, "I see no reason, however, why this determination should not be made by a Court in the jurisdiction where the indictment was filed and

where the allegedly criminal acts transpired." *United States v. Roba,* Docket No. M–19–1–5073 (S.D.N.Y. Feb. 20, 1979). He ordered that the removal warrant issue but stayed its execution for two weeks "or such longer period as the Central District of California may direct." Judge Duffy subsequently stayed execution of the warrant until March 15, 1979, when he signed a removal warrant. The warrant states: "The execution of this warrant will issue immediately pursuant to this Court's Order of February 20, 1979, which stayed execution for two weeks. However, execution will be stayed for such longer period as the Central District of California may direct."

Roba then sought to appeal the issuance of the removal warrant or alternatively to obtain a writ of mandamus. This Court dismissed the appeal, *United States v. Roba,* No. 79–8158 (2d Cir. Mar. 20, 1979), and denied the petition for writ of mandamus "without prejudice." *In re Roba,* No. 79–3120 (2d Cir. Mar. 20, 1979).

Pursuing an inquiry from the bench during argument of the appeal as to whether a habeas corpus proceeding could be brought, Roba petitioned for a writ of habeas corpus in the Southern District on March 29, 1979. Judge Whitman Knapp, after hearing argument of counsel but no evidence, dismissed the petition, finding no constitutional defect in Judge Duffy's order. This appeal is from that dismissal.[1]

At the outset the Government challenges the jurisdiction of this Court, contending that 28 U.S.C. § 2253 precludes this appeal. That section provides:

In a habeas corpus proceeding before a circuit or district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit where the proceeding is had.

There shall be no right of appeal from such an order in a proceeding to test the validity of a warrant to remove, to another district or place for commitment or trial, a person charged with a criminal offense against the United States, or to

---

1. Judge Knapp ordered execution of the removal warrant stayed for two weeks, and the Government has agreed not to execute the warrant pending disposition of this appeal.

test the validity of his detention pending removal proceedings.

We agree with appellant that § 2253 does not bar appellate jurisdiction because the proceeding before Judge Knapp was not a proceeding "to test the validity of a warrant to remove," but was an attack upon the lawfulness of the execution of the warrant in view of petitioner's medical condition. Congress enacted the prohibition against appeals in habeas corpus proceedings testing the validity of removal warrants out of an understandable concern with obstructive delays. See *United States ex rel. Angelica v. Hammond*, 99 F.2d 557 (5th Cir. 1938); *United States v. Provoo*, 16 F.R.D. 341 (S.D.N.Y.1954). The legislative history indicates, however, that the preclusion of appeals is properly to be limited to proceedings to test the "validity" of a removal warrant, and not extended, as the Government contends, to appeals from a proceeding challenging any aspect of removal. When the bill that became the second sentence of § 2253, H.R. 6178, 75th Cong., 1st Sess. (1937), was recommended to Congress, the Department of Justice urged its enactment with the assurance that "if any error is made in [the defendant's] removal it can be corrected on appeal from the final judgment of conviction." A. Holtzoff, *Memorandum for the Attorney General re bill to abolish appeals in removal proceedings, reprinted in* H.Rep.No. 1543, 75th Cong., 1st Sess. 2, 3 (1937). The manifest purpose of Congress was to prevent appellate consideration, in the circuit of the habeas court, of issues affecting the validity of the warrant, particularly probable cause and identity, the only issues available for litigation when a district court is asked to issue a removal warrant. Fed.R.Crim.P. 40(b)(3); see *United States v. Woodring*, 446 F.2d 733 (10th Cir. 1971); *United States v. Provoo, supra.* Plainly the issue petitioner sought to litigate in the District Court—

whether execution of the warrant should be stayed because of a life-threatening medical condition—would not be available for consideration upon appeal from a conviction. Of course, the petitioner could not defeat the Congressional objective by disguising an attack on probable cause or identity in the garb of a habeas corpus challenge to the execution of a warrant. But conversely, the Government cannot defeat appellate review of a challenge on medical grounds to the execution of a removal warrant by claiming it is in reality a precluded attack on the validity of the warrant.

On the merits, the Government does not appear to deny that petitioner has a right to resist execution of the removal warrant on medical grounds.[2] The issue is whether the alleged violation of that right is to be litigated in the district of prosecution or the district that issues the removal warrant. Both Judge Duffy, in declining to stay the warrant pending his determination of the health claim, and Judge Knapp, in dismissing the habeas corpus petition without adjudication of its merits, concluded that there was no reason why the medical claim of physical inability to be removed could not be fairly litigated in the district of prosecution. Petitioner challenges this conclusion, suggesting there is a Catch-22 aspect in requiring a defendant in New York to litigate in California the issue of whether his health prevents him from being brought to California for trial.[3]

In our view, the issue is not whether the claim could be litigated fairly in California; it is whether the habeas corpus court in the Southern District is obliged to adjudicate the merits of the petition. We hold that it is.

Petitioner has a right not to be forceably transported by government officials while he is in a life-threatening condi-

---

**2.** It is therefore unnecessary to decide whether the source of that right is the Fifth Amendment or an implicit condition of Rule 40.

**3.** The anomaly of the Government's position is underscored by its contention before Judge Knapp that once the issue of petitioner's physi-

cal ability to be transported is brought before the California court, that court could refer the issue back to the New York court for a determination. Joint Appx. at 176A (transcript of April 16, 1979 hearing).

tion. *Cf. Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). If the removal warrant is executed, petitioner will be in custody, and while in custody, governmental power will allegedly be used to deny him that right. At that point petitioner's challenge to his transfer while seriously ill would be a challenge to the conditions of his confinement, for which habeas corpus relief under § 2241 would be available. *Kahane v. Carlson,* 527 F.2d 492, 498–500 (2d Cir. 1975) (Friendly, J., concurring) (disagreeing with majority's reliance on § 1361 jurisdiction instead of available § 2241 jurisdiction); *Workman v. Mitchell,* 502 F.2d 1201, 1208 n.9 (9th Cir. 1974); *Mead v. Parker,* 464 F.2d 1108, 1111 (9th Cir. 1972); see also *United States v. Clinkenbeard,* 542 F.2d 59 (8th Cir. 1976).[4] Petitioner need not wait until the marshals physically lay hands on him; he is entitled now to challenge the allegedly unlawful conditions of his imminent custody. *Cf. Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Peyton v. Rowe,* 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); *United States v. Consiglio,* 391 F.Supp. 564, 566 n.2 (D.Conn.1975). The habeas corpus court is obliged to adjudicate the merits of such a claim. 28 U.S.C. § 2243.[5] It does not have authority to delegate adjudication of the claim to some other court.[6] Furthermore, even if the California Court, without petitioner's presence, could fairly determine his physical ability to be removed, it is by no means clear that that Court would have authority to stay the execution of a removal warrant issued by the Southern District of New York. In any event, the Southern District has jurisdiction to consider the merits of the petition for habeas corpus, and it may not decline to do so.

■ We appreciate the Government's concern that health claims should not be routinely interposed to delay the execution of removal warrants. The habeas corpus court is always entitled to dismiss the petition without a hearing if the factual allegations are insufficient to warrant relief. *Cf.* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. following § 2554. And if the facts warrant a hearing, one should be promptly held. Had the Government not resisted that course in this case, a hearing could have been held and concluded months ago.

Accordingly, we reverse the judgment dismissing the petition and remand for a prompt hearing on the merits of the claim that petitioner's physical condition prevents the lawful execution of the removal warrant. We direct that execution of the warrant be stayed (a) pending decision on the merits of the petition, (b) for two business days thereafter in the event the decision on the merits is adverse to the petitioner, and (c) pending any appeal from an adverse decision, provided that notice of appeal is filed within two business days of an adverse decision. Any such appeal shall be subjected to an expedited briefing schedule and referred, if practicable, for consideration by this panel. The mandate shall issue forthwith.

Reversed and remanded.

> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.
> 28 U.S.C. § 2243.

---

**4.** Those in state custody can present similar claims under 28 U.S.C. § 2254. *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Armstrong v. Cardwell,* 457 F.2d 34 (6th Cir. 1972).

**5.** The statute provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
> \*   \*   \*   \*   \*   \*

**6.** Nor could such a result be achieved by a transfer under 28 U.S.C. § 1404(a). Apart from the fact that such a transfer in this case would not be for the convenience of parties and witnesses, the Central District of California is not a district where this action might have been brought, because it lacks personal jurisdiction over a custodian of the petitioner in the Southern District of New York attempting to execute the removal warrant.