PUBLISH

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

No. 95-4378

_____

D.C. Docket No. 95-00484-CIV-WDF

FRANK VELASCO,

                              Petitioner-Appellant,


     versus


DANIEL HORGAN, United States Marshal,
Southern District of Florida,

                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

**(June 10, 1996)**

Before HATCHETT and BLACK, Circuit Judges, and CLARK, Senior
Circuit Judge.

HATCHETT, Circuit Judge:


     Appellant, Frank Velasco, appeals the district court's
decision denying his petition for writ of habeas corpus.  Because
Velasco has been removed to New York following the Southern
District of Florida's denial of habeas corpus, this district

lacks jurisdiction to provide Velasco relief.  Thus, this appeal is moot.

### BACKGROUND

On February 2, l995, United States marshals arrested Velasco in Florida on an indictment and complaint issued in the Southern District of New York.  Velasco made his initial appearance before a magistrate judge in the Southern District of Florida under Federal Rule of Criminal Procedure 40, and the government made an application for detention.  On February 6, l995, the magistrate judge held a detention hearing, denied the government's request for an order of detention, and ordered that the Marshal release Velasco on bond.  The magistrate judge, pursuant to Local Rules of the United States District Court for the Southern District of Florida, Magistrate Judge Rule 4(a)(2), stayed Velasco's release order pending the government's decision whether to appeal.  The magistrate judge set Velasco's removal hearing for February l3, l995.

Both the government and Velasco sought review of the magistrate's release order but in different forums.  On February 7, l995, the government, pursuant to l8 U.S.C. § 3l45(a), appealed the magistrate's release order in the district court, Southern District of New York.  District Judge Tate (S.D.N.Y.) held a telephonic hearing between the government and Velasco's counsel and issued a stay of the Southern District of Florida magistrate's release order.  Subsequently, on February 9, l995, in the Court of Appeals for the Second Circuit, Velasco moved to

2

dissolve Judge Tate's stay order and for a writ of mandamus directing the Southern District of New York to hold an immediate hearing on the government's appeal of the magistrate's release order. In an order dated February 14, 1995, the Second Circuit denied Velasco's motions in all respects. The Second Circuit's decision allowed Judge Tate's stay of the release order to remain in effect.

On February 10, 1995, the district court in the Southern District of Florida held a hearing on Velasco's emergency motion to dissolve the automatic stay that the magistrate judge had imposed. The government argued that as a result of the stay order Judge Tate had imposed, the Southern District of Florida lacked jurisdiction to consider the issue. On February 28, 1995, the Southern District of Florida issued an order affirming the magistrate's order and dissolving the automatic stay. That order, however, did not address the stay Judge Tate had imposed. Velasco posted the required bail, but the Marshal would not release him because of the stay that Judge Tate issued on February 7, 1995. Consequently, Velasco filed a Petition for Habeas Corpus alleging that because a valid order set the conditions of bail, and because Velasco posted the required bail, the Marshal violated Velasco's constitutional rights in refusing to release him.

On March 20, 1995, the Southern District of Florida issued an order denying Velasco's petition for writ of habeas corpus. The district court stated that it did not have jurisdiction to

3

resolve the dispute between the district courts of the Southern District of Florida and the Southern District of New York. That same day, the magistrate judge issued a warrant to remove Velasco in custody to New York. Velasco filed an immediate appeal of the order denying habeas corpus relief and filed an emergency motion to this court to stay his custodial transportation to New York pending resolution of the pendant appeal. On that evening, a panel of this court denied the emergency motion to stay custodial transportation pending the appeal. Thereafter, the marshals transported Velasco to New York.

## CONTENTIONS

Velasco contends that his removal to New York did not defeat the Southern District of Florida court's jurisdiction and did not moot this appeal. He contends that the Southern District of Florida, as the arresting district, had jurisdiction and was obliged to exercise it to grant him habeas corpus relief.

Velasco also contends that the Southern District of Florida had full authority to set and review the terms of his pretrial release while he remained in custody in that district. Velasco argues that because the district court for the Southern District of Florida affirmed the magistrate's order and the government failed to appeal the affirmance, he should have been released on bail.

The government contends that the removal of Velasco to New York moots the one issue that he raised in the habeas corpus action. The government, however, contends that even if this

4

court finds that jurisdiction existed in the district court, this court lacks jurisdiction because Velasco's issue no longer presents a live "case or controversy" under Article III of the Constitution. Velasco's claim, the government argues, is not likely to recur because Velasco has been transferred from the Southern District of Florida to New York.

The government further contends that the district court properly decided to refrain from deciding the dispute between the Southern District of Florida and the Southern District of New York concerning the appropriateness of Velasco's pretrial detention because the Southern District of New York, where the charges against Velasco remained pending, possessed original jurisdiction over the magistrate's release order.

## ISSUES

The following issues are presented: (1) whether the Southern District of Florida had jurisdiction over the habeas corpus proceeding; and if so, (2) whether the district court should have granted Velasco a writ of habeas corpus to enforce his pretrial release orders.

## DISCUSSION

Velasco's removal to New York effectively divested this court of jurisdiction because this court cannot provide him any relief. We point out that at least one other circuit has been faced with this issue. The Second Circuit held that an arresting district, where a defendant remains incarcerated, should exercise jurisdiction over that defendant's habeas corpus petition

5

challenging a magistrate's removal warrant.  <u>United States v.</u> <u>Plain</u>, 748 F.2d 620 (11th Cir. 1984); <u>see also</u> <u>Roba v. United</u> <u>States</u>, 604 F.2d 215 (2d Cir. 1979) (holding that the district court in the arresting district had jurisdiction to adjudicate the merits of the petition).[*]

## CONCLUSION

For the foregoing reasons, this appeal is dismissed as moot.

## DISMISSED

---

[*] This appeal resulted in part from a Local Rule of the United States District Court for the Southern District of Florida, Magistrate Judge Rule 4(a)(2), which reads as follows:

> Government Appeal of Bond.  At the conclusion of a bond hearing pursuant to 18 U.S.C. § 3142 in which a Magistrate Judge has set a bond which will result in release of a defendant if the conditions of the bond are met, an announcement in open Court by the prosecutor that the government intends to appeal the bond to a District Judge shall result in an immediate stay of the bond set by the Magistrate Judge.  Such stay shall continue until 5:00 p.m. that day, or in the event bond is set in open court after 5:00 p.m., until 9:30 a.m. the morning of the following business day, unless the prosecutor shall file a written notice of appeal with the Clerk, upon which the stay shall become permanent unless and until it is lifted by a District Judge.  The notice of appeal may be summary in form and need not be typed, but it shall be followed on or before the close of the business day next following the day the bond was set by the filing of a detailed factual statement, in proper form, setting forth the grounds of the appeal.

Under Magistrate Judge Rule 4(a)(2), the government can simply file an informal notice of appeal and nullify a magistrate's release order, thus, creating an automatic stay.  The Southern District of Florida should revisit Magistrate Judge Rule 4(a)(2) or, at the least, study the situation this case presents.