
Viktoriya ILINA, Petitioner,

v.

Donna ZICKEFOOSE, Warden, FCI, Danbury, Respondent.

Civil No. 3:07cv1490 (JBA).

United States District Court, D. Connecticut.

Dec. 31, 2008.

Brett Dignam, Sarah French Russell, Jerome N. Frank Legal Services Organization, Yale Law School, New Haven, CT, for Petitioner.

Lauren M. Nash, Michelle Lynn Colson, U.S. Attorney's Office, New Haven, CT, for Respondent.

## RULING ON RESPONDENT'S MOTION TO DISMISS

JANET BOND ARTERTON, District Judge.

Petitioner Viktoriya Ilina brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the conditions of her confinement at FCI Danbury and alleging that she has been denied necessary medical care at that facility in violation of her Eighth Amendment rights. Respondent Donna Zickefoose, the warden at FCI Danbury, has moved to dismiss on the ground that the case is not cognizable in habeas and should instead be brought as a *Bivens* action. As explained below, the Court concludes that, in light of the statutory text and the clear guidance from the Second Circuit, Ilina's claim is cognizable under § 2241.

### I. Background

Petitioner Viktoriya Ilina alleges in her Second Amended Petition for a Writ of Habeas Corpus that she is "in custody in violation of the Constitution or laws ... of the United States" because officials at FCI Danbury, the prison facility in which she is incarcerated, have failed to attend to her serious medical needs. (2d Am. Compl. [Doc. # 21] ¶¶ 1, 27 (quoting 28 U.S.C. § 2241(c)(3)).) Following her conviction on federal conspiracy and racketeering charges, Ilina was sentenced to a 48–

month term of imprisonment.[1] Due to her medical history—Ilina was diagnosed with cervical cancer in 1999—she was assigned initially to FMC Carswell in September 2006, where she received a course of progesterone treatment, recommended by her gynecologist, which had been prescribed for her for two decades. Ilina was transferred to FCI Danbury in November 2006 and continued to receive her hormone medication for the next five months. In April 2007, the prison pharmacy ceased renewing her prescription. When she inquired why, doctors at FCI Danbury gave her little explanation other than that "at her age having a period was unnecessary." Ilina then formally requested the hormone medication by filing an administrative grievance, citing the recommendations by her gynecologist and in her pre-sentence report. This grievance and her subsequent appeals were all denied.

Prison doctors continued to examine Ilina throughout 2007, but still did not prescribe her the requested hormone therapy, even after she developed a suspicious uterine mass and was examined by an outside gynecologist who confirmed the continued need for progesterone medication. Ilina filed the original petition, *pro se*, in August 2007, after which she developed further complicating medical symptoms. Counsel appeared on her behalf in February 2008 and subsequently amended her petition twice.

## II. Discussion

The jurisdiction of a federal habeas court has long been described as having extraordinary breadth. *See Ex Parte McCardle*, 73 U.S. (6 Wall.) 318, 325–26, 18 L.Ed. 816 (1867) ("It is impossible to widen [habeas corpus] jurisdiction."). This is structurally confirmed by the Suspension Clause, which "protects the rights of the detained by affirming the duty and authority of the Judiciary to call the jailer to account." *Boumediene v. Bush*, —— U.S. ——, 128 S.Ct. 2229, 2247, 171 L.Ed.2d 41 (2008). As the federal habeas statute has evolved, it has even "expanded habeas corpus 'beyond the limits that obtained during the 17th and 18th centuries.'" *Rasul v. Bush*, 542 U.S. 466, 474, 124 S.Ct. 2686, 159 L.Ed.2d 548 (2004) (quoting *Swain v. Pressley*, 430 U.S. 372, 380 n. 13, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977)). In practical terms, a leading treatise observes,

> although cognizable [habeas] claims must affect the fact, length, or (possibly) conditions of confinement, such claims include challenges to the legality of holding the petitioner in custody at all ..., the type of sentence, the duration of sentence ... or, in some cases, (*e.g.*, ones challenging administrative segregation or other incarcerative results of administrative disciplinary actions), *the conditions under which that sentence is being served.*

1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice & Procedure* § 9.1 at 474–81 (5th ed. 2005) (footnotes omitted and emphasis added).

Respondent does not dispute that certain claims by prisoners challenging the conditions of their confinement are cognizable under § 2241. Rather, Respondent's position is that Ilina's particular claim—that prison officials have been deliberately indifferent to a serious medical need in violation of the Eighth Amendment—must be brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and in accordance

---

**1.** Excepting this detail about her criminal history and sentence (found from the declaration attached to Respondent's motion), these facts are as alleged in Ilina's most recent petition and for purposes of ruling on this motion to dismiss are taken as true.

with the exhaustion requirements of the Prison Litigation Reform Act of 1995. Because the relief Ilina is seeking—restoration of previously prescribed medical treatment—has no impact on the length of her incarceration at FCI Danbury, Respondent urges that the claim must be dismissed and reasserted in an ordinary civil-rights action. Ilina counters that the plain language of § 2241 imposes no such requirement. She argues that, based on her allegation that she is "in custody in violation of the Constitution," habeas is an entirely proper vehicle for asserting her Eighth Amendment claim, regardless of whether such a claim may also be brought as a *Bivens* action.

As the parties discussed at oral argument, the Second Circuit, in a line of cases tracing to the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), has long recognized that a claim challenging the conditions of a prisoner's confinement may be asserted in a federal habeas petition. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir.2008). The issue, then, is whether there is support for Respondent's contention that claims challenging only the quality or quantity of prison medical care are not the kind of conditions-of-confinement claims which are cognizable in habeas. A bit of history helps to illuminate the answer to that question.

*Preiser* held that habeas corpus is the "sole federal remedy" for a state prisoner's challenge to "the very fact or duration of his physical confinement," but the Court expressly left open the possibility that a constitutional challenge to prison conditions is also cognizable in habeas. 411 U.S. at 499–500, 93 S.Ct. 1827. According to Justice Stewart's opinion for the Court, "[w]hen a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas

corpus will lie to remove the restraints making the custody illegal." *Id.* at 499, 93 S.Ct. 1827. Concurring in *Kahane v. Carlson*, 527 F.2d 492 (2d Cir.1975), Judge Friendly suggested that the statement of the law in this passage did not go far enough:

> *Preiser* . . . in no way decided that habeas corpus would not lie to challenge conditions of confinement; it decided only that a state prisoner who was seeking to challenge the length of confinement could not utilize 42 U.S.C. § 1983 and its jurisdictional counterpart, 28 U.S.C. § 1343(3), to avoid the exhaustion requirements of § 2254(b) and (c). Although Mr. Justice Stewart said only that the availability of habeas to challenge prison conditions was "arguable," 411 U.S. at 499, 93 S.Ct. 1827, the earlier cases cited by him, *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), and *Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), betrayed no uncertainty on the point.

*Kahane*, 527 F.2d at 498–99 (Friendly, J., concurring).

A few years later, the panel in *Roba v. United States* followed Judge Friendly's view and found that a gravely ill prisoner's "right not to be forceably transported by government officials" can be protected through a conditions-of-confinement challenge brought pursuant to § 2241. 604 F.2d 215, 219 (2d Cir.1979) ("[P]etitioner's challenge to his transfer while seriously ill would be a challenge to the conditions of his confinement, for which habeas corpus relief under § 2241 would be available."). In a subsequent decision primarily discussing the availability of attorney's fees under the Equal Access to Justice Act, the Second Circuit continued to adhere to Judge Friendly's interpretation of *Preiser*:

Habeas involves bringing the body of a prisoner before a court for an inquiry into the validity of his confinement, and the remedy granted by a court on the body of a prisoner need not be limited to the four or five remedies arising from the common law forms of the writ. Thus, as long as a prisoner meets the custody or other jurisdictional requirements of [§ 2241], habeas is the appropriate action to challenge conditions of confinement where the prisoner seeks to be moved in order to remedy past constitutional violations.

Boudin was in federal custody and met the requirements of 28 U.S.C. § 2241(c)(1) (1982). She sought to be moved out of administrative segregation because of the prison administration's previous constitutional violations. It is therefore appropriate to treat the part of Boudin's complaint seeking transfer to the general prison population as a petition for writ of habeas corpus.

*Boudin v. Thomas,* 732 F.2d 1107, 1111–12 (2d Cir.1984) (citations to *Roba* and other cases omitted); *see also Vacchio v. Ashcroft,* 404 F.3d 663, 668 (2d Cir.2005) (*"Boudin* remains good law in this Circuit").

■ Later cases further confirm the Second Circuit's interpretation of the scope of § 2241, and contain no language limiting § 2241's reach to where a prisoner merely "seeks to be moved" as the *Boudin* panel noted. In *Abdul–Hakeem v. Koehler,* the court recognized that *Preiser'*s view of the interaction between habeas corpus and civil-rights law (whether *Bivens* or its analogue, § 1983) creates a set of overlapping remedies: *"Preiser* did not state that habeas was the sole remedy for challenging 'additional and unconstitutional restraints during [a prisoner's] lawful custody,' but only that habeas may 'also be available to challenge such prison condi-

tions,' *i.e.,* as a remedy in addition to section 1983." 910 F.2d 66, 69–70 (2d Cir. 1990) (quoting *Preiser,* 411 U.S. at 499, 93 S.Ct. 1827). More frequently, however, the Second Circuit has delineated the bounds of federal habeas corpus in the context of addressing a different remedial overlap: the relationship between § 2241 and 28 U.S.C. § 2255. In *Carmona v. United States Bureau of Prisons,* the panel explained:

Carmona challenges the prison disciplinary sanctions imposed on him through a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The ordinary vehicle for a federal prisoner to seek habeas relief is 28 U.S.C. § 2255, under which such a prisoner may have his sentence vacated or set aside. A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction.

243 F.3d 629, 632 (2d Cir.2001). Because the prisoner's challenge to disciplinary sanctions and loss of good-time credits was directed at "the execution of his sentence rather than the underlying conviction," the court concluded that his petition was "properly brought via an application for a writ under § 2241." *Id.* Later, the Second Circuit reaffirmed:

A challenge to the *execution* of a sentence—in contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241. Execution of a sentence includes matters such as "the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." This distinction between sentence validity and sentence execution is grounded in the plain language of the more specific statute, § 2255, which does not recog-

nize challenges to the manner of carrying out a prisoner's sentence.

*Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (citations and some emphasis omitted).

Most recently, in *Thompson v. Choinski*, the Court of Appeals reviewed the *sua sponte* dismissal of a *pro se* prisoner's § 2241 petition in which he challenged, among other things, the conditions of his confinement—specifically, disciplinary measures, denial of kosher food, and library access. 525 F.3d at 208. Vacating the district court's judgment of dismissal, the Second Circuit explained:

> [T]o the extent Thompson was seeking injunctive relief from federally imposed conditions of confinement in the service of his federal sentence, we understand neither why the district court believed that the claim should have been styled a civil rights complaint rather than a petition under § 2241 for a writ of habeas corpus, nor what sort of civil rights claim the court envisioned. This court has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, "including such matters as the administration of parole .... prison disciplinary actions, prison transfers, type of detention and prison conditions."

*Id.* at 209 (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.2001)).

Taken together, these cases, spanning four decades, demonstrate that the Second Circuit envisions § 2241 as a broad remedy available to federal prisoners challenging the conditions of their confinement rather than as a limited way to challenge only *certain* prison conditions. As counsel for the Respondent emphasized in briefing and at oral argument, other courts outside this circuit have preferred the latter view. In *Kane v. Winn*, 319 F.Supp.2d 162, 215 (D.Mass.2004), the district court in a comprehensive opinion concluded that "with the exception of extreme cases where transfer or release might be a necessary remedy, most challenges to the constitutional adequacy of medical care should proceed as civil rights claims under *Bivens* or Section 1983, or as an ordinary civil action under federal law." In a case involving the analogous relationship between § 1983 and 28 U.S.C. § 2254, Judge Posner suggested a similar framework, opining that "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody ... then habeas corpus is his remedy," while "if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991).[2]

**2.** The other cases cited by Respondent in her briefs offer no additional support for her position. *See Murnahan v. McKune*, No. 08–3136, 2008 WL 2559301, at *1 (D.Kan. June 24, 2008) (citing *Preiser* yet noting that a state prisoner's "claims regarding denial of medical care and other conditions of confinement may not be pursued in a federal habeas corpus action"); *Di Magano v. New Jersey*, No. 08–758, 2008 WL 2345584, at *1–*2 (D.N.J. June 3, 2008) (discussing a petitioner's failure to exhaust § 2241 claims brought while in pre-trial custody); *Hanson v. Superior Court*, No. 07–608, 2007 WL 4322763, at *2 n. 3 (D.Conn. Dec. 10, 2007) (discussing only the relationship between 42 U.S.C. § 1983 and 28 U.S.C. § 2254, and selectively quoting *Abdul–Hakeem* ); *Sullivan v. United States*, No. 02–4947, 2002 WL 32096584, at *1 (E.D.N.Y. Dec. 6, 2002) (confirming the contrary position that "Petitioner's request for review of BOP decisions regarding medical treatment challenges the execution of his sentence [and so] it should have been brought as a petition for habeas corpus pursuant to § 2241"); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991) (construing a prisoner's *pro se* complaint as a *Bivens* action by relying on cases from other circuits but not the Second).

■] But whether or not this view of § 2241 and *Bivens* (or § 1983) as distinct rather than overlapping is persuasive, it is not the law within the Second Circuit.[3] Since *Preiser*, the Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, without limitation. As expressed in *Levine v. Apker* and the cases cited therein, the critical distinction is whether a federal prisoner is challenging the imposition or the execution of his or her sentence of incarceration, and if the challenge is to sentence execution, then habeas jurisdiction lies. Respondent maintains that the Second Circuit cases should not be read to include claims like Ilina's here, where a petitioner seeks no change in her prison conditions other than receiving certain medical care. Perhaps there is a line to be drawn between claims like Ilina's, where she currently seeks restoration of needed medical care at FCI Danbury, and claims which demand different relief, such as transfer to another facility, change in the level of confinement, or adjustment to length of incarceration. That is not the line that the Second Circuit has drawn, however, and so this Court will not go further and narrow the breadth of federal habeas corpus based on the limited record presented in this case thus far. In fact, a more developed record may show the appropriate remedy for Ilina to be of a kind which would fall even within Respondent's view of the scope of § 2241.

Ilina claims that the denial of necessary medical treatment constitutes a violation of her Eighth Amendment rights, which is an allegation that she is "in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3). The Second Circuit has frequently held that § 2241 encompasses challenges to "prison conditions." *Thompson,* 525 F.3d at 209. Thus, as a matter of both text and precedent, Ilina's claim that she is receiving constitutionally inadequate medical care is cognizable under § 2241, regardless of whether she has an additional remedy under *Bivens.*

## III. Conclusion

Accordingly, Respondent's motion to dismiss [Doc. # 25] is denied.

IT IS SO ORDERED.

---

**3.** The district court in *Kane* acknowledged this disagreement by noting that other courts—specifically, the Second Circuit in *Boudin*—have taken a more expansive view and found that "habeas will lie to challenge conditions that do not in any way implicate the fact or duration of confinement." 319 F.Supp.2d at 215 (citing *Boudin,* 732 F.2d at 1111–12).