NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2530
_____

RONALD EDWARD GILLETTE,

Appellant

v.

TERRITORY OF THE VIRGIN ISLANDS;
WARDEN GOLDEN GROVE CORRECTIONAL FACILITY;
UNITED STATES OF AMERICA
_____

On Appeal from the District Court
of the Virgin Islands
(D. VI. No. 1-12-cv-00010)
District Judge:  Honorable Wilma A. Lewis
_____

Argued December 9, 2013
Before:  FISHER, COWEN and NYGAARD, *Circuit Judges*.

(Filed: April 11, 2014)

Joseph A. DiRuzzo, III, Esq.
Jeffrey J. Molinaro, Esq.  (**ARGUED**)
Fuerst Ittleman David & Joseph
1001 Brickell Bay Drive
32nd Floor
Miami, FL 33131

Jason T. Cohen, Esq.  (**ARGUED**)
Office of United States Attorney
5500 Veterans Building, Suite 260
United States Courthouse
St. Thomas, VI 00802-6924

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge.*

Appellant Ronald Gillette appeals the *sua sponte* dismissal of his habeas corpus petition, which he filed pursuant to 28 U.S.C. § 2241. The District Court concluded that it lacked jurisdiction over the petition because Gillette's challenge to the conditions of his confinement at Golden Grove Correctional Facility ("GGCF") should have been brought as a civil rights action pursuant to 42 U.S.C. § 1983. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Gillette was charged with a host of federal and territorial crimes in October 2007 in a thirty-count superseding indictment. The District Court dismissed the federal crimes and conducted a bench trial on the remaining territorial crimes. Gillette was convicted on June 19, 2009 of several of the territorial crimes. He was sentenced to 300 months' imprisonment at GGCF. Gillette filed a direct appeal challenging his conviction and sentence, which we affirmed. *United States v. Gillette*, -- F.3d --, 2013 WL 6333443 (3d Cir. Dec. 6, 2013).

Gillette filed his § 2241 petition on January 31, 2012, alleging that he was being detained at GGCF in violation of his Eighth Amendment rights due to the dangerous and unsanitary conditions in the facility, including his inability to secure constitutionally adequate medical and mental health treatment. His petition sought release from incarceration or relocation from GGCF to a constitutionally adequate facility.

On the same day he filed his § 2241 petition, Gillette also filed motions to proceed *in forma pauperis* ("IFP") and for appointment of counsel. A magistrate judge denied the motion to appoint counsel on March 2, 2012. Gillette filed two subsequent motions for appointment of counsel, one pursuant to 28 U.S.C. § 1915 on March 30, 2012; and the other pursuant to Federal Rule of Civil Procedure 17(c)(2) on July 31, 2012. These motions, along with the motion to proceed IFP, were not ruled on by the District Court.

On April 30, 2013, the District Court *sua sponte* dismissed Gillette's § 2241 petition for lack of subject-matter jurisdiction. The District Court concluded that the petition challenged only the conditions of his confinement at GGCF, not "his conviction, the fact or duration of his confinement, or the execution of his sentence." App. at 8. The District Court observed that Gillette presented "a conventional claim under [§ 1983], as [Gillette alleged] a violation of his Eighth Amendment rights by State actors during his incarceration at [GGCF]—not that an alleged constitutional violation resulted in his incarceration." *Id.* The District Court relied upon language in *Leamer v. Fauver*, explaining that:

"whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in [Gillette's] favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."

*Id.* (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)). Gillette filed a timely appeal the same day, challenging: (A) the dismissal of his § 2241 petition; (B) the failure to grant leave to amend his petition; and (C) the failure to grant his motions to proceed IFP and to appoint counsel.

## II.

The District Court had jurisdiction pursuant to 48 U.S.C. § 1612 and we have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). On appeal from the dismissal of a § 2241 petition, we exercise plenary review over the District Court's legal conclusions and review its findings of fact for clear error. *O'Donald v. Johns*, 402 F.3d 172, 173 n.1 (3d Cir. 2005). We review the remaining issues on appeal for an abuse of discretion. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001) (leave to amend pleadings); *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (motion to proceed IFP); *Brightwell v. Lehman*, 637 F.3d 187, 191 (3d Cir. 2011) (motion to appoint counsel).

## III.

Gillette raises several arguments on appeal, each of which we address below.

4

A.

Section 2241 gives federal district courts the power to grant a writ of habeas corpus to prisoners within their jurisdiction who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Unlike 28 U.S.C. § 2255, which applies to challenges to the validity of a prisoner's sentence, § 2241 provides an avenue for federal prisoners to challenge the "execution" of their sentences. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). We have, on several occasions, defined the scope of an appropriate challenge to the execution of a sentence under § 2241. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242-43 (3d Cir. 2005) (noting that the precise meaning of execution is "hazy," but finding that a petition is valid if it attacks the way a sentence is "put into effect" or "carr[ied] out"); *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010) (affirming the *sua sponte* dismissal of a § 2241 petition that did not address how a sentence was put into effect or carried out).

In *Cardona v. Bledsoe*, we refined the *Woodall* test for when a petition challenging conditions of confinement can be brought pursuant to § 2241. 681 F.3d 533, 534 (3d Cir. 2012). The petitioner in *Cardona* challenged his transfer to the Special Management Unit of the facility where he was incarcerated. *Id.* The district court dismissed the petition for lack of jurisdiction because the challenged action did not fall within the scope of habeas relief. *Id.* at 535. The dismissal was without prejudice, however, to petitioner filing a civil rights claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* We affirmed,

5

concluding that "[i]n order to challenge the execution of his sentence under § 2241, [the petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Id.* at 537. Gillette has not made such a showing and, as discussed below, *Cardona* controls the outcome in this case.

Gillette relies on language in *Woodall* acknowledging that the execution of a sentence "'include[s] such matters as . . . prison conditions'" to support the argument that his challenge is properly brought pursuant to § 2241. 432 F.3d at 242 (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). This reliance upon the definition of "execution" utilized by courts in the Second Circuit is, however, misplaced. The Second Circuit takes a broad view of whether challenges to the conditions of confinement may be brought pursuant to § 2241. *See Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (reviewing Second Circuit jurisprudence on this issue and concluding that that court "has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, *without limitation*." (Emphasis added)).

This Court's approach is not so broad. As we explained in *Cardona*, a prisoner must show that the conditions of his confinement are inconsistent with "a command or recommendation in the sentencing judgment." 681 F.3d at 537. Absent such a showing,

6

the petition may be dismissed without prejudice and reasserted as a civil rights claim. *Id.* at 536-37.[1]

Gillette concedes he is only challenging the "*conditions* of his confinement during the duration of his sentence," including the allegedly deplorable conditions at GGCF and the lack of needed medical and mental health care. Appellant's Br. at 21. He identifies no "command or recommendation in the sentencing judgment" directing officials at GGCF to provide him with specific health care. *Cardona*, 681 F.3d at 537. Instead, he relies upon general facts about GGCF set forth in pleadings in a separate case between the United States Government and the Government of the Virgin Islands. App. at 20-23. Gillette's assertions are not specific enough to his situation to satisfy the test set forth in *Cardona* because they do not challenge how *his sentence* was "put into effect" or "carried out." *Woodall*, 432 F.3d at 243 (internal quotations omitted).

At oral argument, Gillette argued that his petition falls within the core of habeas merely because it asks for his release. Allowing this type of clever pleading would essentially permit a prisoner to bring any claim within the scope of habeas relief by merely asking for release from custody, thus eviscerating the applicability of civil rights

---

[1] The Supreme Court has not determined whether challenges to prison conditions must be brought as a § 1983 claim or in habeas. *See Bell v. Wolfish*, 441 U.S. 520, 527 n.6 (1979) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of the confinement itself."); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (stating, in *dictum*, that "constitutional claims that merely challenge the conditions of a prisoner's confinement, whether or not the inmate seeks monetary or injunctive relief, fall outside that core and may be brought pursuant to § 1983 in the first instance").

statutes like § 1983. Such a result does not comport with the stringent test adopted in *Cardona*.[2] Moreover, Gillette's argument runs counter to our holding in *Leamer*, which requires a showing that "a favorable decision…would *necessarily imply* that [the petitioner] would serve a shorter sentence." 288 F.3d at 543. Gillette has made no such showing. The District Court therefore properly dismissed Gillette's § 2241 petition without prejudice to his asserting a civil rights claim at a later time.[3]

B.

The District Court did not abuse its discretion in not granting Gillette leave to amend his pleadings. Gillette argues that he should have been granted, *sua sponte*, leave to assert a civil rights claim upon dismissal of his § 2241 petition. This argument erroneously relies upon *civil rights cases* dismissed for failure to state a claim. In such cases, we have required that district courts permit amendment *sua sponte*. *See, e.g. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251-53 (3d Cir. 2007) (discussing requirement of *sua sponte* permitting amendment in civil rights cases even where the plaintiff did not request amendment). Because Gillette chose not to pursue a civil rights claim in this case, the District Court was not required to permit *sua sponte* amendment. As discussed above, however, nothing precludes Gillette from filing

---

[2] Gillette argues that he cannot bring a § 1983 claim against the Territory of the Virgin Islands. Since he did not raise such a claim in the District Court, however, his argument is not properly before us and we do not address it here.

[3] Although the District Court did not specify that its dismissal was without prejudice, a dismissal for lack of jurisdiction is deemed to be without prejudice. *See* Fed. R. Civ. P. 41(b); *EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1048-49 (3d Cir. 1993).

a separate civil rights claim. Moreover, the substantial differences in pleading and filing between § 2241 petitions and § 1983 complaints (specifically the requirements imposed by the Prison Litigation Reform Act) dictate that the District Court did not abuse its discretion in not permitting Gillette to amend his petition.

C.

Because the District Court properly dismissed Gillette's § 2241 petition, his remaining arguments with respect to the motions to proceed IFP and for appointment of counsel fail because there was no claim left to pursue. Dismissal rendered the remaining motions moot, and the District Court did not abuse its discretion by not addressing them.

IV.

For the above stated reasons, we will affirm the District Court's dismissal of Gillette's § 2241 petition.