09-1205-pr
Thompson v. Choinski

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of April, two thousand ten.

PRESENT:

JOSÉ A. CABRANES,
RICHARD C. WESLEY,
*Circuit Judges.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SALA-THIEL THOMPSON,

*Plaintiff-Appellant,*

-v.-                                                        No. 09-1205-pr

WAYNE CHOINSKI AND FEDERAL BUREAU OF PRISONS,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR APPELLANT:**           Sala-Thiel Thompson, *pro se*, Lewisburg, PA.

**COUNSEL FOR APPELLEE:**            Alan M. Soloway, Assistant United States Attorney, (Nora R. Dannehy, United States Attorney; William J.

---

\* The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

Nardini, Assistant United States Attorney, *of counsel*)
United States Attorney's Office for the District of
Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Peter C. Dorsey, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff Sala-Thiel Thompson appeals from the March 9, 2009 judgment of the District Court denying plaintiff's petition for a writ of habeas corpus. On appeal, plaintiff argues that the District Court erred as follows: (1) the District Court improperly rejected Thompson's claim that he was deprived of due process at his prison disciplinary proceedings arising from his attempt to escape prison in 1991; (2) the District Court improperly rejected Thompson's challenge to his prison security classification and his transfers among prisons; (3) the District Court improperly rejected Thompson's claims that the procedures set forth in the Interstate Agreement on Detainers should apply to a detainer lodged by the Bahamas; and (4) the District Court erred in rejecting Thompson's challenge to the administrative sanctions imposed for his failure to comply with an order. Plaintiff also challenges on appeal the validity of his underlying criminal conviction. We assume the parties' familiarity with the facts and procedural history of this case.

First, plaintiff challenges his underlying conviction. We have already rejected Thompson's arguments that he was not lawfully convicted because the District Court lacked proper jurisdiction. *Thompson v. Choinski*, 525 F.3d 205 (2d Cir. 2008) (affirming in part and vacating and remanding in part the District Court's dismissal of plaintiff's claims asserted in this petition for a writ of habeas corpus). Furthermore, Thompson's conviction has previously been upheld on both direct appeal and in proceedings held pursuant to 28 U.S.C. § 2244 before the United States District Court for the Southern District of Florida and the United States Court of Appeals for the Eleventh Circuit. *United States v. Blackman*, 66 F.3d 1572 (11th Cir. 1995) (upholding Thompson's conviction and sentence on direct appeal); *Thompson v. United States*, 252 F.3d 438 (11th Cir. 2001) (unpublished table decision) (affirming the District Court's denial of Thompson's motion to vacate his conviction under 28 U.S.C. § 2255). The law of the case doctrine "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case," *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) (quotation marks omitted), unless there has been "an intervening change in law, availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Id.* at 99-100 (quotation marks omitted). We rejected previously plaintiff's challenge to his conviction, *Thompson*, 525 F.3d 205, and see no reason to disturb that decision.

2

Plaintiff also argues that the District Court made several errors in denying his petition for a writ of habeas corpus. We review *de novo* the denial of an application for a writ of habeas corpus brought under 28 U.S.C. § 2241. *See, e.g.*, *Armstrong v. Guccione*, 470 F.3d 89, 96 (2d Cir. 2006). With respect to plaintiff's arguments challenging the District Court's denial of Thompson's motion for a writ of habeas corpus, we have reviewed each of plaintiff's claims and find them to be without merit. Substantially for the reasons stated by the District Court in its careful and thorough order of March 9, 2009, *see Thompson v. Choinski*, 04-CV-851 (D. Conn. March 9, 2009), the order of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

3