09-1821-pr
Sweeper v. Taylor

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of July, two thousand and ten.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
          *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRUCE SWEEPER,

          *Plaintiff-Appellant,*

          -v.-                                                  No. 09-1821-pr

J. TAYLOR, SUPERINTENDENT, GOUVERNEUR, CORRECTIONAL
FACILITY, OFFICER MCCOY, OFFICER MCBRIDE,

          *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF- APPELLANT:**          Bruce Sweeper, *pro se*, Dannemora, NY.


**FOR DEFENDANTS-APPELLEES:**          Andrew M. Cuomo, Attorney General of the State of
                                       New York; Barbara D. Underwood, Solicitor General;
                                       Nancy A. Speigel, Senior Assistant Solicitor Geneal (Kate
                                       H. Nepveu, Assistant Solicitor General, of counsel),
                                       Albany, NY.

1

Appeal from a March 27, 2009 judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.[1]

Plaintiff Bruce Sweeper, *pro se* and incarcerated, alleges that defendants, employees of the New York State Department of Correctional Services ("DOCS"), violated the First Amendment of the United States Constitution by placing him in the Special Housing Unit for refusing to comply with an order to desist from praying while working on his shift in the mess hall on October 17, 2005, during the Muslim holiday of Ramadan. Sweeper sued defendants pursuant to 42 U.S.C. § 1983. The District Court granted defendants' motion for summary judgment, and Sweeper filed a timely appeal. On appeal, Sweeper moves for (1) injunctive relief against Superintendent Taylor and (2) monetary relief against Officers McBride and McCoy. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*, and affirming only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Redd v. Wright*, 597 F.3d 532, 535-36 (2d Cir. 2010).

With regard to his claims for monetary relief against Officers McBride and McCoy, Sweeper does not challenge the District Court's dismissal of his claim against Officer McBride and has therefore abandoned any such challenge. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995) (holding that issues not raised by a *pro se* litigant in an appellate brief are abandoned). With respect to Sweeper's claim against Officer McCoy, having conducted an independent *de novo* review, we hold, for substantially the reasons stated by the District Court in its well-reasoned opinion, *Sweeper v. Taylor*, No. 906-CV-379, 2009 WL 815911 (N.D.N.Y. Mar. 27, 2009), that McCoy was entitled to qualified immunity when he issued Sweeper a misbehavior report for disobeying an order to desist from praying.

Finally, Sweeper's claims for injunctive relief against Superintendent Taylor are moot as a result of Sweeper's transfer from Gouverneur Correctional Facility to another facility. "It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility." *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *see also Thompson v. Choiniski*, 525 F.3d 205, 209 (2d Cir. 2008) (affirming the dismissal of a prisoner's claims for kosher food and access to the prison library because he had been transferred to a different facility).

---

[1] In affirming the District Court's grant of summary judgment in favor of defendants, we deny Sweeper's motion for injunctive and monetary relief.

## CONCLUSION

We have considered each of Sweeper's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court and **DENY** Sweeper's motion for injunctive and monetary relief.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court