**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MIKEAL STINE,

      Petitioner - Appellant,

v.

DAVID BERKEBILE,

      Respondent - Appellee.

No. 13-1477
(D.C. No. 1:13-CV-02997-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES,** and **MATHESON**, Circuit Judges.

---

Mikeal Glenn Stine appeals from the district court's denial of his habeas petition

under 28 U.S.C. § 2241 and dismissal of his case. Mr. Stine seeks to proceed *in forma*

*pauperis* ("*ifp*").

---

[*]After examining Appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's

denial of Mr. Stine's petition and dismissal of his case. We deny Mr. Stine's motion to

proceed *ifp*.

## I. **BACKGROUND**

Mr. Stine is imprisoned at the United States Penitentiary Administrative

Maximum Prison ("ADMAX") in Colorado based on his convictions for bank robbery

and escape from prison. Mr. Stine is subject to sanctions under the three strikes provision

of the Prison Litigation Reform Act ("PLRA"), which requires Mr. Stine to fully pre-pay

any filing fees before filing a civil action or appealing from a decision therein, unless he

is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Mr. Stine is

also judicially restricted from filing pro se civil suits without first meeting certain

requirements, such as seeking leave to file and having his proposed suit reviewed to

determine if it is frivolous or abusive.

Mr. Stine recently filed a pro se[1] habeas petition under § 2241 without prepaying

his filing fee or following his filing restrictions. In his petition, Mr. Stine challenged the

prison's use of Special Administrative Measures ("SAMs") that restrict his mail and

telephone privileges, including limits on whom he may contact and what he can

communicate. *See* 28 C.F.R. §§ 501.3, 540.18. He requested an injunction to prevent

David Berkebile, ADMAX's warden, from imposing these SAMs.

---

[1] We therefore construe his petition liberally. *Erickson v. Pardus*, 551 U.S. 89, 94
(2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

The district court denied the habeas petition and dismissed the case. *See* Order of Dismissal, ROA at 14. The district court interpreted Mr. Stine's § 2241 petition as a challenge to his conditions of confinement, which is generally not cognizable in a federal habeas corpus action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). The district court therefore held that Mr. Stine's habeas challenge was improperly styled and should be construed as a civil suit seeking an injunction against a federal official. Accordingly, the district court reasoned that Mr. Stine's § 2241 petition was an "attempt[] to circumvent his filing restrictions" and dismissed his case.[2] Order of Dismissal, ROA at 11.

Mr. Stine now appeals the Order of Dismissal.[3]

---

[2] The district court additionally ordered Mr. Stine to show cause why the court should not impose additional filing restrictions on future § 2241 petitions. Mr. Stine responded, arguing the court should not impose additional filing restrictions because his petition was properly brought under § 2241.

The district court found Mr. Stine's arguments unpersuasive and imposed additional sanctions. *See* Order Imposing Filing Restrictions, ROA at 44-45. The court specifically ordered that any of Mr. Stine's future § 2241 petitions "shall be reviewed . . . to determine whether the filing is an attempt to circumvent Mr. Stine's other filing restrictions." ROA at 45.

[3] Mr. Stine did not appeal from the Order Imposing Filing Restrictions. Nevertheless, in his opening appellate brief, he appears to argue the district court should not have imposed additional filing restrictions. Although Mr. Stine is pro se, we cannot ignore procedural requirements, such as properly filing a notice of appeal. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). To the extent he attempts to appeal the district court's Order Imposing Filing Restrictions, we dismiss for lack of jurisdiction.

## II. **DISCUSSION**

When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and its factual findings for clear error. *Standifer v. Ledezma*, 653 F.3d 1276, 1278 (10th Cir. 2011).

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). A proper § 2241 petition challenges "'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.'" *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (omission in original) (quoting *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993)). Indeed, "'[i]t is well-settled law that prisoners who wish to challenge only the conditions of their confinement . . . must do so through civil rights lawsuits . . . not through federal habeas proceedings.'" *Palma-Salazar*, 677 F.3d at 1035 (omissions in original) (quoting *Standifer*, 653 F.3d at 1280).

Thus, to state a claim under § 2241, a petitioner must challenge the fact or duration—and not the conditions—of confinement. Further, "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so . . . to create a better correspondence between the substance of a *pro se* motion's claim and its

- 4 -

underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-82 (2003) (citations omitted).

On appeal, Mr. Stine contends the district court erred by recharacterizing his case as a challenge to prison conditions, and not a challenge to the execution of his sentence.[4] He urges this court to reverse, remand, reimburse his appellate fees and costs, and appoint counsel to represent him in the district court.[5]

The district court correctly determined that Mr. Stine's claims challenged his prison conditions. Mr. Stine's petition focuses on how the SAMs restrict his communications. His petition does not allege that he should be immediately released or that Warden Berkebile or any other prison official has impermissibly increased the duration of his sentence. The petition asks only that Warden Berkebile be enjoined from imposing the SAMs on Mr. Stine. Thus, even liberally construing Mr. Stine's claims, he has failed to allege a valid factual basis for a § 2241 petition because he complains about

---

[4] He cites non-binding precedent allowing challenges to prison conditions under § 2241. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (stating that the Second Circuit has interpreted § 2241 to allow challenges to various matters, including "prison conditions" (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *Yousef v. United States*, No. 1:12-cv-2585-RPM, 2013 U.S. Dist. LEXIS 73912, at *1-3 (D. Colo. May 23, 2013) (allowing an ADMAX prisoner to use § 2241 to attack the same SAMs challenged by Mr. Stine). Mr. Stine contends he did not need to obey his filing restrictions because they do not apply to § 2241 habeas petitions. *See McIntosh*, 115 F.3d at 812 (holding that prepayment provisions of PLRA do not apply to § 2241 petitions).

Mr. Stine's reliance on non-binding precedent is unpersuasive in light of contrary prevailing Tenth Circuit authority. *See Palma-Salazar*, 677 F.3d at 1035; *Standifer*, 653 F.3d at 1280.

[5] Because we affirm the district court's decision, we deny these requests.

prison conditions.  Accordingly, we agree with the district court that Mr. Stine's suit is properly characterized as a civil suit for an injunction against a federal official for a constitutional violation.[6]  The district court correctly denied the petition and dismissed the case.

Because Mr. Stine is subject to the three strikes provision of the PLRA, and because his underlying petition is properly characterized as a civil suit subject to the PLRA, Mr. Stine must pay the district court filing fee as well as the appellate filing fee, effective immediately.  We deny Mr. Stine's motion to proceed *ifp* because he is subject to the three strikes provision and has not alleged he is at risk of suffering a serious physical injury in the immediate future.  *See* 28 U.S.C. § 1915(g).

Finally, we remind Mr. Stine that any future suits are subject to the various filing restrictions and fee provisions currently in place.

---

[6] Prisoners may sue federal officials in their individual capacity for damages related to constitutional violations.  *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971).  Prisoners may also seek injunctive relief against federal officials in their official capacity.  *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-34, 1236 (10th Cir. 2005).  Jurisdiction would be based on 28 U.S.C. § 1331 and the court's equity jurisdiction.  *Id.* at 1230-31.

## III.   **CONCLUSION**

For the foregoing reasons, we affirm the district court's denial of the petition and dismissal of the case, and we deny Mr. Stine's request to proceed *ifp*.


ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge