# United States Court of Appeals
# for the Second Circuit

————————

August Term 2024

Argued: March 7, 2025
Decided: July 30, 2025

No. 22-1678

————————

ANGEL DIAZ,

*Petitioner-Appellant,*

*v.*

MARLYN KOPP,

*Respondent-Appellee.* [*]

————————

On Appeal from the United States District Court
for the Southern District of New York, Román, *J.*

————————

Before:       CALABRESI, LOHIER, and NATHAN, *Circuit Judges.*

Petitioner-Appellant Angel Diaz appeals from a judgment of the United States District Court for the Southern District of New York (Román, *J.*) adopting

---

[*] We respectfully direct the Clerk of Court to amend the caption as noted.

the Magistrate Judge's recommendation to dismiss Diaz's 28 U.S.C. § 2254 petition for a writ of habeas corpus. Diaz alleged that, as a result of the COVID-19 pandemic, the State could not provide him with constitutional conditions of confinement at any of its facilities, thus necessitating his release. The District Court concluded that this claim was not cognizable under habeas. This was error. We hold that Diaz makes a proper habeas claim here because he alleges violations of the Constitution that would *require* (rather than counsel) *his* (rather than any other prisoner's) *release* from *all* available facilities. This claim is at the core of habeas.

   Diaz failed, however, to provide the necessary support to make his claim factually plausible. Accordingly, we AFFIRM the district court decision to DISMISS the petition. Judge Lohier DISSENTS in a separate opinion.

_____

MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, NY *for Petitioner-Appellant.*

IRA M. FEINBERG, Deputy Solicitor General for Criminal Matters (Barbara D. Underwood, Solicitor General, Michelle Maerov, Senior Assistant Attorney General of Counsel, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY *for Respondent-Appellee.*

_____

CALABRESI, *Circuit Judge*:

   The relationship between habeas and § 1983 has caused considerable confusion in the courts of this Circuit, as well as considerable disagreement among our sister circuits. Claims that implicate the very fact of custody are the "core of habeas." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (citation and quotation marks omitted). They therefore are properly raised in habeas. Today, we clarify that this

can be true even when the habeas claim relies on allegations of unconstitutional conditions of confinement. Where a habeas petitioner alleges Eighth Amendment violations that can be remediated *only* by releasing the petitioner, that claim is appropriately raised in habeas.

In this case, the district court erred in its holding that, as a matter of law, the petition was not cognizable in habeas. But because we find Diaz's petition made only speculative factual allegations in support of his claim, we nevertheless AFFIRM the district court's decision to DISMISS the petition.

## BACKGROUND

Petitioner Angel Diaz has been in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) since September 5, 1990. On July 3, 2020, he filed a pro se petition for a writ of habeas corpus in the Southern District of New York. At the time, he was housed at the Sullivan Correctional Facility in Fallsburg, New York. Diaz's petition was stayed while his simultaneous petition for a state court writ proceeded. After he had exhausted his state remedies, the District Court lifted the stay.

In his petition, Diaz alleges that he "must be release[d] immediately" because he is being "deliberately unnecessarily placed" at risk of COVID-19 due

3

to the "fundamental nature" of DOCCS facilities. Pet. at 1–4. Diaz argues that his "high blood pressure and morbid obesity" put him especially at "risk of serious harm or even death" from COVID-19. *Id.* at 2. And Diaz contends that "DOCCS ha[d] no plan to protect medically vulnerable inmates" like himself. *Id.* at 5.

The District Court referred the case to a magistrate judge, who recommended that the petition be denied because "Petitioner's claim is not cognizable in habeas and . . . must instead be brought under 42 U.S.C. § 1983." App'x at 14. Diaz objected. The District Court adopted the magistrate judge's reasoning and held that Diaz did not raise a cognizable habeas claim because he did not "seek[] to challenge the validity of [his] confinement or duration of confinement" but only raised "complaints about the circumstances and conditions of his confinement." *Id.* at 24. "[T]o the extent Petitioner seeks judicial relief other than release from custody based on these allegations," the District Court held, "he may properly do so through a civil action under § 1983." *Id.*

Diaz sought to appeal, but the District Court denied him a certificate of appealability. In 2023, this Court granted Diaz a certificate of appealability and appointed Diaz counsel for the appeal. The question on appeal was limited to "whether the district court properly concluded that Appellant's request for release

from prison, based on the alleged unconstitutional conditions of confinement, must proceed under 42 U.S.C. § 1983, and not habeas." App'x at 63. The panel granting the certificate of appealability noted that district courts in this Circuit had reached contradictory conclusions in similar cases. *Id.* (comparing *Acevedo v. Capra*, 545 F. Supp. 3d 107, 112–118 (S.D.N.Y. 2021) and *Holloway v. Wolcott*, No. 20-CV-6329, 2020 WL 3172772, at *2 (W.D.N.Y. June 15, 2020)).

After this Court granted a certificate of appealability and Diaz had filed his opening brief, DOCCS closed Sullivan Correctional Facility and transferred Diaz to Sing Sing. The State did not make an application pursuant to Federal Rule of Appellate Procedure 23(a) prior to transferring Diaz, and the listed Respondent at the time of oral argument continued to be the former Superintendent of Sullivan, Stacie Bennett.

## DISCUSSION

### I. Jurisdiction

The State contends that we lack jurisdiction because Diaz's petition is now moot. *See Longway v. Jefferson Cnty. Bd. of Supervisors*, 24 F.3d 397, 400 (2d Cir. 1994) ("If events occur during the pendency of an appeal that render the case moot, we must dismiss the appeal rather than issue an advisory opinion.") (citations

5

omitted). The State argues that it became impossible for this Court to address Diaz's claims, which it characterizes as a challenge to "his custody at Sullivan [Correctional Facility] under pandemic conditions," once Sullivan was closed and Diaz was transferred to Sing Sing. Appellee's Br. at 23. Moreover, at the time of oral argument, Diaz's petition continued to name the former Superintendent of Sullivan as Respondent, but "prison wardens cannot control conditions of confinement at facilities which they do not manage," and an issuance of the writ against the wrong warden would not provide Diaz any relief. Appellee's Br. at 25 (quoting *Aigbekaen v. Warden*, No. 21-CV-1672, 2022 WL 3347092, at *3 (D. Conn. Aug. 12, 2022)); *see also McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020) ("An inmate's transfer from a prison facility moots his claims for declaratory or injunctive relief against officials of the transferring facility.").

Previously, the State moved to dismiss this appeal as moot on the grounds that "the facts regarding the COVID pandemic ha[d] so dramatically changed since" Diaz first filed his petition. Appellee's Br. at 21. A panel of this Court rejected that motion, suggesting that the State's argument went to the merits of the petition, not to this Court's jurisdiction. The changed circumstances around

6

COVID-19 might make Diaz's argument about the necessity of his release *less plausible*, but they did not make it *less possible* for this Court to grant him relief.

The State's new argument, that the closure of Sullivan mooted Diaz's petition, fails for similar reasons. It assumes, on the merits, that Diaz's petition did not raise a cognizable habeas claim that his detention in *any* DOCCS facility would violate his constitutional rights. It instead adopts the District Court's presumption that Diaz's petition was a mispleaded § 1983 complaint against constitutional violations at a specific, now-closed facility. But this merely begs the question, and for the reasons we explain below, we do not think it fairly construes Diaz's petition.

Diaz did not claim that his complaints were specific to Sullivan and could be remedied by his transfer to another facility.[1] He alleged that no New York

---

[1] The Dissent focuses on how Counsel, whom we appointed for this appeal, recasts both in the Reply Brief and at oral argument what we believe Diaz originally pleaded. We do not think that Counsel's statements are as clear as the Dissent suggests. But even if they were, that would only raise the question of what governs: a late appointed counsel's recharacterization, or a pro se appellant's original complaint. Counsel may wish to recast a pro se complaint on appeal for any number of reasons. But courts are "not hidebound by the precise arguments of counsel." *United States v. Sineneng-Smith*, 590 U.S. 371, 380 (2020).

Here, assuming that Counsel's recharacterization indeed renders the appeal moot, as the Dissent suggests, that would mean that Diaz could sue under § 1983 to recover damages for conditions in Sullivan. If instead his original characterization in his Petition rules and we reach the merits, the merits decision is final. In either case, Diaz will be unable to receive the relief he clearly sought—release. In such a situation, "when there is nothing whatever to be gained by the recharacterization," it may be "unjustified" for courts and counsel alike to recharacterize pro se complaints and motions rather than

prison could constitutionally confine him given the COVID-19 pandemic. The State observes that Diaz's complaint makes no specific allegations about COVID-19 conditions in Sing Sing. The lack of data about Sing Sing in his petition—or, for that matter, about other DOCCS facilities—certainly bears on the *merits* of Diaz's claim but does not change the core *nature* of his claim. And because a court could still grant him the relief that he seeks—that is, release from DOCCS custody—we conclude that his transfer from one DOCCS facility to another did not moot his petition.

Additionally, the State failed to follow its obligation "not [to] transfer custody" of a habeas petitioner who has requested release and whose case is pending before this Court without first making an application to this Court. Fed. R. App. P. 23(a). There is no exception to this requirement in Rule 23(a). But the State points to an exception that this Court has created where "the transfer … does not defeat the jurisdiction of this Court." *Moorish Sci. Temple of Am., Inc. v. Smith*,

reading them as written. *Cf.* <u>*Castro v. United States*</u>, 540 U.S. 375, 388 (2003) (Scalia, J., concurring in part and concurring in the judgment) (emphasis omitted).

In a case like this with inadequate briefing on the issue, we should not decide ultimately how far appointed appellate counsel may recast a pro se complaint. It is enough for us to say that in the circumstances of this case, we do not believe that the party presentation principle requires us to discard what we believe is the best reading of Diaz's original petition in favor of his counsel's possible recharacterization.

693 F.2d 987, 988 n.2 (2d Cir. 1982). The State cannot, however, rely on that exception here, given its argument that the transfer *would* defeat this Court's jurisdiction.[2] If the State had first petitioned this Court for permission to transfer Diaz, we would have "substitute[d] the successor custodian as a party" in compliance with the Rule. Fed. R. App. P. 23(a). Accordingly, we have respectfully directed the Clerk of Court to amend the caption of this case to name the Superintendent of Sing Sing as Respondent. And we find that Diaz's petition is not moot.

## II.    The Duty to Construe Liberally Pro Se Petitions

As an initial matter, "courts should liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (citation and quotation marks omitted). This gives district courts both the power and the responsibility to consider carefully whether a pro se litigant's complaint arises under habeas, § 1983, neither, or both. *Cf., e.g., Wilwording v. Swenson*, 404 U.S. 249,

---

[2] The Dissent draws a distinction between transfers that defeat territorial jurisdiction and those that defeat subject-matter jurisdiction. But we know of no cases in which this Court has allowed a transfer in violation of Rule 23(a) to defeat jurisdiction of *either* form. Most precedents speak to this Court's territorial jurisdiction because Rule 23(a) implicates subject-matter jurisdiction only in rare cases like Diaz's. But on its face, Rule 23(a) has no exceptions, and we see no reason to create a new one by endorsing the Dissent's distinction between forms of jurisdiction.

251 (1971) ("Moreover, although cognizable in federal habeas corpus, … petitioners' pleading may also be read to plead causes of action under the Civil Rights Acts…. Petitioners were therefore entitled to have their actions treated as claims for relief under the Civil Rights Acts.") (citations omitted); *Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) ("[E]ven if the district court is correct that [the petitioner] should have styled some of his claims as a civil rights action, … the court should have … at least given the petitioner leave to file an amended pleading identifying the proper source of law without dismissing the action."); *see also Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) ("Joining our sister circuits, we hold that a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner."); *Zimmer v. Bork*, 94 F.3d 657 (10th Cir. 1996) ("As we are required, we read [the] Complaint liberally, as either a section 1983 claim or a section 2254 petition.").

The line between habeas and § 1983 can be difficult to parse even for seasoned litigators. When faced with a pro se complaint that straddles the line, a district court ought to determine at the outset whether the allegations give rise to a claim under the stated cause of action and, if not, whether the complaint can

plausibly be construed as or converted to (with the plaintiff's or petitioner's informed consent) the correct alternative. If the district court had been correct that Diaz's petition raised allegations of constitutional violations that could be remedied only under § 1983, it would have been proper to consider the merits of Diaz's claim under that statute and to invite him to amend his pleadings accordingly.

### III.    The Scope of the Core of Habeas

We hold today that Diaz does make a claim that arises under habeas. On its face, his petition alleges that "it is impossible for petitioner and prisoners to practice [safe COVID policies] due to the clearly fundamental nature of a [New York state] prison environment," and he cites policies or practices that he alleges are common to the entire DOCCS system. Pet. at 4. He further alleges that it would be "virtually impossible" for DOCCS to conform any of its facilities to "the necessary social distancing and hygiene [standards] required to mitigate" his severe risk of death or disability. Pet. at 3. In other words, Diaz asserts that no DOCCS facility can hold him without subjecting him to cruel and unusual punishment and therefore "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The State urges us to hold that habeas lies only when a petitioner challenges the validity or length of their sentence and never when conditions of confinement are implicated. Diaz argues that petitioners are masters of their own petition and that, by constraining his request for relief to release, he necessarily makes a habeas claim. Neither is correct.

We begin with the State's argument. It asks us to uphold the District Court's decision that Diaz's petition is "not cognizable in habeas" because he "request[s] relief based on the circumstances of his detention" rather than "alleging that his state conviction was obtained as a result of failing to comply with … federal law." App'x at 23.[3]

It is well-established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). But the Supreme Court has never held that § 1983 is always the exclusive remedy whenever a state prisoner challenges his

---

[3] The test adopted by the District Court is similar to that adopted by the Fifth Circuit, which has held that "habeas is not available to review questions unrelated to the cause of detention." *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (quotation marks omitted).

conditions of confinement.[4] By its terms, § 2254 habeas—unlike § 2255—is not limited to cases where the sentence "was imposed in violation of the Constitution" or is otherwise vulnerable "to collateral attack." 28 U.S.C. § 2255(a).

Indeed, as the Supreme Court has speculated, there may be cases where habeas lies even though the fact of custody is not so illegal that release must be granted. *Preiser*, 411 U.S. at 499 ("When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie…."); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[R]elease need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

But we need not go so far, for in the instant case, Diaz's petition falls into the core of habeas. As a result, we do not consider in today's decision the universe of cases challenging conditions of confinement that might be cognizable under habeas. We hold only that a claim at the core of habeas does not *cease* being cognizable under habeas simply because the claim is based on unconstitutional conditions of confinement.

---

[4] The Court has expressly reserved this question. *See, e.g., Ziglar v. Abbasi*, 582 U.S. 120, 144 (2017) ("[W]e have left open the question whether [detainees] might be able to challenge their confinement conditions via a petition for a writ of habeas corpus.").

Diaz did not raise a claim that arguably could but "need not proceed in habeas." *Dist. Att'y's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 66 (2009). Diaz raised a claim that lies within the heart of § 2254 by challenging "the fact … of his confinement" and seeking immediate release. *Heck*, 512 U.S. at 481. This is not to say that Diaz is correct that the remedy sought, alone, dictates the appropriate cause of action. Diaz goes too far by arguing that § 2254 is intended for all claims seeking release from custody. This Court previously held in *Fielding v. LeFevre* that where a petitioner's own complaint makes clear that the unconstitutional conditions complained of "can be prevented, the proper remedy again is not release, but a suit under 42 U.S.C. § 1983." 548 F.2d 1102, 1109 (2d Cir. 1977).

Diaz's petition is, however, different. By arguing that DOCCS is *incapable* of offering him constitutionally satisfactory confinement at any location in the system, he raises a claim that, if true, necessarily "call[s] into question the lawfulness of [his] continuing confinement." *Heck*, 512 U.S. at 483. Such a claim lies at the core of habeas and hence is cognizable under § 2254.

We accordingly hold that, *at least* where a petitioner alleges unconstitutional conditions that are irremediable but for the release of the petitioner, such conditions of confinement claims are cognizable under habeas. *C.f. Hope v. Warden*

14

*York Cnty. Prison*, 972 F.3d 310, 325 (3d Cir. 2020) ("[W]e hold that Petitioners' claim that unconstitutional conditions of confinement … require their release is cognizable in habeas."); *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("[W]here a petitioner claims that no set of conditions would be constitutionally sufficient[,] the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement.").[5]  The District Court erred in holding otherwise.[6]

## IV.    The Merits of Diaz's Petition

Diaz's petition alleged that (1) he was so severely at risk of death or long-term disability from COVID-19 and that (2) DOCCS was so incapable of protecting him from COVID-19 in any of its facilities that (3) the State had created cruel and unusual conditions that could only be remedied by his immediate release from

---

[5] The Ninth Circuit has also held that the appropriate test is whether "no set of conditions under the present circumstances could exist that would constitutionally permit [a petitioner's] detention such that the very fact of those conditions violates the Constitution." *Pinson v. Carvajal*, 69 F.4th 1059, 1073 (9th Cir. 2023) (quotation marks omitted). But the Ninth Circuit's test is based in part on its prior holding that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus," a position we have not to date adopted. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (*en banc*).

[6] To the extent the State further contends that allowing state prisoners to challenge their conditions of confinement via habeas corpus "raises weighty federalism concerns," Appellee's Br. at 56 (citing *Benjamin v. Jacobson*, 172 F.3d 144, 165 (2d Cir. 1999)), by circumventing the remedial limitations imposed in the Prison Litigation Reform Act (PLRA), *see* 18 U.S.C. § 3626(a), that argument fails.  The PLRA expressly exempts "habeas corpus proceedings challenging the fact or duration of confinement in prison."  18 U.S.C. § 3626(g).  Since Diaz challenges the fact of his confinement, that exemption is enough to reject the State's argument for the purposes of this case.

custody. Even taking—as we must—his entire petition as true and construing it in the most favorable light, Diaz has failed to allege facts sufficient to support plausibly any of his three assertions. His allegations, particularly with respect to his contention that DOCCS has no facility that can adequately protect him, are conclusory . And conclusory allegations are insufficient to state a viable claim for habeas relief. *See* Rules Governing § 2254 Cases, Rules 2(c)(2), 4; *Dory v. Comm'r of Correction of State of N.Y.*, 865 F.2d 44, 45 (2d Cir. 1989). Thus, while conceptually, Diaz raised a claim cognizable under habeas, his particular petition as written does not sufficiently and plausibly state that claim.

**CONCLUSION**

For the foregoing reason, we **AFFIRM** the judgment of the District Court.

LOHIER, *Circuit Judge*, dissenting:

I would dismiss the appeal. I respect the majority opinion's analysis and resolution of the merits, but I believe that all of it is advisory because this case is moot.

I

The Constitution limits the jurisdiction of federal courts to live cases and controversies. U.S. Const. art. III, § 2, cl. 1. "[E]ven if [a] case was live at the outset," later events can "render[ the case] moot on appeal" and cause the courts to lose jurisdiction over the suit. *See Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015) (quotation marks omitted). When that happens, the "moot action must be dismissed." *Id.* (cleaned up); *see Hassoun v. Searls*, 976 F.3d 121, 127 (2d Cir. 2020).

It is settled in this Circuit that "[a]n inmate's transfer from a prison facility moots his claims for declaratory or injunctive relief against officials of the transferring facility." *McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020). The same is true when an inmate seeks habeas relief due to constitutionally deficient conditions at the transferring facility. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008).

1

This case became moot in September 2024, years after Diaz filed his *pro se* petition against officials at Sullivan Correctional Facility ("Sullivan"), a prison in the Southern District of New York where he had been incarcerated. That month, Diaz was transferred from Sullivan to Sing Sing Correctional Facility ("Sing Sing"), a different facility in the same district. Two months later, Sullivan was permanently closed for fiscal reasons completely unrelated to this case.

Diaz is ably represented by counsel on appeal. Diaz's habeas petition challenges conditions of confinement that, through his counsel, he has acknowledged are specific to Sullivan, where he was held at the time he filed his petition. Diaz candidly told us that his petition raises "specific challenges" to conditions at Sullivan. And he readily conceded that the "specific challenges he raised against the conditions of his confinement [would] lose" in light of his transfer from Sullivan. Reply Br. 5. Because Diaz is "no longer subject to the challenged" conditions at Sullivan, *Amador v. Andrews*, 655 F.3d 89, 99–100 (2d Cir. 2011), his petition for habeas relief, which rests entirely on challenges to those conditions, is clearly moot. And when a habeas proceeding becomes moot on appeal, we dismiss the appeal.

The *only* argument Diaz advances to defeat mootness and avoid dismissal relies on the exception to mootness for disputes that are "capable of repetition but evading review." The exception applies "in exceptional situations," *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 395 (2d Cir. 2022) (quotation marks omitted), where "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again," *Van Wie v. Pataki*, 267 F.3d 109, 114 (2d Cir. 2001) (cleaned up). In holding that the case is not moot and forging ahead to the merits, the majority opinion wisely avoids relying on the exception, because it does not apply here: Diaz's claims obviously *can* be reviewed by a court, and there is no reason to think that he will ever again be exposed to the conditions at Sullivan, which is permanently closed; nor is there any reasonable expectation that a similar petition challenging conditions at Sing Sing, Diaz's current facility, would become moot before it can be fully litigated.

In the alternative, Diaz openly urges us to set aside our jurisdictional concerns (in effect, to ignore the consequence of his transfer and disregard mootness) and issue an advisory opinion that "[c]reat[es] precedent through this

case to allow [him] and others to know whether release due to unconstitutional conditions of confinement may be sought through 28 U.S.C. § 2254, rather than 42 U.S.C. § 1983." Reply Br. 5. I sympathize with the request for guidance, but I would not oblige. The Constitution prevents it.

The majority opinion obliges. It blows past Diaz's counseled concessions and actual arguments on appeal and recasts his petition to "allege[] that *no* New York prison could constitutionally confine him given the COVID-19 pandemic." Majority Op. at 7 (emphasis added). You will not find those words in any of Diaz's counseled submissions.[1] However tantalizing the prospect of reconstruing Diaz's actual claims and arguments in this way may be as a matter of theory, it is wrong as a matter of fact and seriously departs from the principle of party presentation — a principle that is central to an adversarial system "designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) (cleaned up).

---

[1] It is, to say the least, telling that the majority opinion construes the same allegations at once very broadly to avoid mootness and address the statutory question, *see* Majority Op. at 7, and very narrowly to conclude that they are, after all, insufficient to state a claim and affirm dismissal of the petition on the merits, *see* Majority Op. at 15.

4

Diaz, represented by counsel, told us what his claim is and what it is not. As for what it is (a claim for habeas relief arising from the conditions at a permanently closed correctional facility), his claim is moot.

## II

One further point. Citing Rule 23(a) of the Federal Rules of Appellate Procedure, the majority opinion insists that the State was actually *forbidden* from transferring Diaz out of Sullivan to another facility while his habeas petition was pending without first applying to us for permission to do so. It acknowledges that an exception to the application requirement exists where the "transfer . . . does not defeat the jurisdiction of this Court." Majority Op. at 8 (citing *Moorish Sci. Temple of Am., Inc. v. Smith*, 693 F.2d 987, 988 n.2 (2d Cir. 1982)); *see also* Fed. R. App. P. 23(a). But "[t]he State cannot . . . rely on [the] exception here," the majority opinion explains, "given its argument that the transfer *would* defeat . . . jurisdiction." Majority Op. at 8.

This confuses territorial jurisdiction under Rule 23(a) and subject-matter jurisdiction under Article III. "The purpose of [Rule 23(a)] is to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the *territorial* jurisdiction of the court in

5

which a habeas petition is pending." *Moorish Sci. Temple of Am., Inc.*, 693 F.2d at 988 n.2 (emphasis added) (quotation marks omitted). Rule 23(a) has nothing to do with defeating *subject-matter* jurisdiction. Sing Sing, Diaz's new facility, is, like Sullivan, located well within the territorial jurisdiction of this Court (and of the District Court). The State's transfer of Diaz from one to the other fully preserved our territorial jurisdiction and did not otherwise violate Rule 23(a).

III

To recap, the majority opinion's analysis of the merits in this case may be uncontroversial, unremarkable, and right. But I believe that the analysis is also advisory; that we lack jurisdiction to consider the merits; and that we must dismiss the appeal.

For these reasons I respectfully dissent.